UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD R.,<br><br>                         Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                        Defendant. | CASE NO. C20-05943-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1958.[1] Plaintiff has limited education and previously worked as painter and supervisor in a shipyard. (AR 21, 208–11.) Plaintiff filed an application for DIB on June 26, 2018, alleging disability beginning January 12, 2018. (AR 163–64.) The application was

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

denied at the initial level and on reconsideration. On December 19, 2019, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). (AR 28–69.) On March 4, 2020, the ALJ issued a decision finding Plaintiff not disabled. (AR 12–23.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on July 20, 2020 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 17.)

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: chronic obstructive pulmonary disease (COPD) and asthma. (AR 17.)

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 17–18.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform medium work, as defined in 20 C.F.R. § 404.1567(c), with the following limitations:

> He can lift and carry up to 50 lbs occasionally, and 25 lbs frequently; he can sit for 6-hours, stand for 6-hours, and walk for 6-hours in an 8-hour work day; he can push and pull within the weight limits described above; he can occasionally climb ramps, stairs, ladders, ropes, or scaffolds; he can frequently stoop, kneel, and crouch, and occasionally crawl; he can work in humidity, wetness, and extremes of heat and cold frequently; he should never work in pulmonary irritants such as odors, fumes, gases, dusts, and other pulmonary irritants, and can use a respirator as necessary.

(AR 18.) With that assessment, the ALJ found Plaintiff unable to perform his past relevant work. (AR 21.)

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as work as fish cleaner, packager, and bagger. (AR 21–22.)

ORDER
PAGE - 3

Plaintiff argues that the ALJ erred (1) in his assessment of the RFC by relying upon the opinions of the non-examining state agency consultants and a medical examiner who, Plaintiff asserts, failed to consider or opine on Plaintiff's cardiovascular impairments, (2) by failing to reconcile conflicts between the VE's testimony and the Dictionary of Occupational Titles (DOT),[2] and (3) by failing to consider Plaintiff's subjective complaints in accordance with proper legal standards. Plaintiff requests remand for further administrative proceedings, including a *de novo* hearing. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

1. **Medical Opinions**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors.[3] 20 C.F.R. § 404.1520c(a)–(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at §§ 404.1520c(c)(1)–(2).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also Zhu v. Comm'r of Social Sec. Admin.*, No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. July 6,

---

[2] Plaintiff argues that the ALJ failed to reconcile conflicts in the VE's testimony in the body of his opening brief, Pl. Br. at 7–8, but Plaintiff does not identify this as a separate issue on appeal. *See id.* at 1. The Court, nevertheless, addresses this argument as a separate issue herein.

[3] The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standard for the review of medical opinions.

ORDER
PAGE - 4

2021) (applying the substantial evidence standard under the 2017 regulations). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

    A.  <u>Drs. J.D. Fitterer, M.D. and Gordon Hale, M.D.</u>

On December 4, 2018, state agency consultants Drs. Fitterer and Hale reviewed Plaintiff's records and provided opinions about Plaintiff's physical residual functional capacity. (AR 76–78, 86–88.) Both doctors opined that Plaintiff would be able to occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, and sit, stand, and/or walk for 6 hours in an 8-hour workday. (AR 76–77, 86–87.) These findings are consistent with the regulatory definition of medium work. 20 C.F.R § 404.1567(b).

The regulations require the ALJ to articulate the persuasiveness of each medical opinion and explain how the ALJ considered the supportability and consistency factors for that opinion. 20 C.F.R. § 404.1520c(a)–(b). The ALJ found the opinions of Drs. Fitterer and Hale highly persuasive. (AR 20.) The ALJ found their assessments "substantially consistent with the objective findings, as well as the claimant's demonstrated functioning through daily activities." (AR 20.)

Plaintiff argues that the ALJ erred by relying on the opinions of Drs. Fitterer and Hale because their assessments were performed prior to Plaintiff's heart attack in April 2019 and, therefore, "they lacked critical information relating to Plaintiff's post heart attack functionality." Pl. Br. at 3–4. Under the Social Security regulations, "[a]lthough adjudicators . . . are not required to adopt prior administrative medical findings when issuing decisions, adjudicators must consider them and articulate how they considered them in the decision." SSR 17-2p. Additionally, "because state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision. The Social Security regulations impose no limit on how

ORDER
PAGE - 5

much time may pass between a report and the ALJ's decision in reliance on it." *Chandler v. Comm'r of Social Sec.*, 667 F.3d 356, 361 (3rd Cir. 2011). Here, the ALJ found the opinions of Drs. Fitterer and Hale consistent with the objective findings and Plaintiff's demonstrated functioning. (AR 20.) Plaintiff cites that the hospital Chaplain provided ministry to the family following the 2019 heart attack and that Plaintiff reported shortness of breath, arguing that there was "a clear change in functionality as of this date [of Plaintiff's 2019 heart attack]." Pl. Br. at 4. However, Plaintiff has not provided evidence that the 2019 heart attack affected Plaintiff's functionality such that the opinions of Drs. Fitterer and Hale are inconsistent with or unsupported by the evidence of record; rather, Plaintiff admits that "there was limited evidence post-heart attack." *Id.*; *see Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). ("[A]t all times, the burden is on the claimant to establish [his] entitlement to disability insurance benefits.") Indeed, Plaintiff also reported shortness of breath prior to 2019 (AR 212) such that Plaintiff's complaints of shortness of breath following the 2019 heart attack does not demonstrate a clear change in functionality. Furthermore, both Drs. Fitterer and Hale considered Plaintiff's shortness of breath complaints in assessing Plaintiff's limitations (AR 74, 84–85), and the ALJ considered Plaintiff's shortness of breath complaints in assessing the RFC (AR 18–19). Therefore, Plaintiff has not shown that the ALJ erred by considering the 2018 opinions of the state agency consultants and finding the opinions highly persuasive based on the evidence of record.

Plaintiff further argues that the ALJ required an updated examination in order to make an informed decision. The ALJ "has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Shortly after the hearing, on December 31, 2019, the ALJ submitted a request to Dr. Beverly Yamour, M.D., an impartial medical expert and board certified cardiology specialist,

ORDER
PAGE - 6

asking the doctor to complete medical interrogatories "based on the evidence provided, as well as your professional knowledge." (AR 445.) Dr. Yamour's interrogatory responses were admitted to the record without objection. (AR 15.) The ALJ considered Dr. Yamour's interrogatory responses as well as the new medical records. (AR 15, 445.) The ALJ thus fulfilled his duty to develop the record regarding Plaintiff's functional limitations following Plaintiff's April 2019 heart attack. Plaintiff has not shown error in the ALJ's consideration of the medical evidence in the record.

B.   Dr. Beverly Yamour, M.D.

Dr. Yamour reviewed Plaintiff's entire medical record and submitted medical interrogatory responses assessing on Plaintiff's physical impairments. (AR 451–53.) Dr. Yamour assessed that Plaintiff's most recent nuclear stress test was negative for ischemia. (AR 453.) She also assessed that none of Plaintiff's impairments met or medically equaled the requirements of a listing. (AR 452–53.) Dr. Yamour opined that Plaintiff should avoid fumes and dust but did not list any physical limitations. (AR 451–53.)

The regulations require the ALJ to articulate the persuasiveness of each medical opinion and explain how the ALJ considered the supportability and consistency factors for that opinion. 20 C.F.R. § 404.1520c(a)–(b). The ALJ found Dr. Yamour's opinion "well supported by the objective findings and physical examination reports of record." (AR 20.) The ALJ stated that he accounted for Plaintiff's respiratory symptoms in the RFC. (AR 20.)

Plaintiff argues that the ALJ erred by relying on Dr. Yamour's opinion arguing that Dr. Yamour provided no functional limitations around which the ALJ could base the RFC. The ALJ is responsible for "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Social Sec. Admin*, 807 F.3d 996, 1006 (9th Cir. 2015). Accordingly, an RFC finding need not directly correspond to a specific medical opinion but may incorporate the opinions by

ORDER
PAGE - 7

assessing RFC limitations entirely consistent with, even if not identical to, limitations assessed by the physician. *Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (the ALJ properly incorporates medical findings by assessing limitation that are "entirely consistent" with a physician's limitations); *see also Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."). Here, the ALJ incorporated Dr. Yamour's assessment that Plaintiff should avoid fumes and dust into the RFC by limiting Plaintiff to "never work[ing] in pulmonary irritants such as odors, fumes, gases, dusts, and other pulmonary irritants." (AR 18.) Accordingly, the ALJ did not err in his consideration of Dr. Yamour's opinion and reasonably translated the limitations assessed by Dr. Yamour into the RFC.

Plaintiff further argues that the ALJ erred by relying on Dr. Yamour's opinion because Dr. Yamour relied on dated stress tests from October 2019 and February 2019. Plaintiff does not point to evidence that Dr. Yamour failed to review and rely on Plaintiff's complete medical record. Rather, Dr. Yamour states in the medical interrogatories that she reviewed the evidence furnished to her and affirmed that there was sufficient objective medical and other evidence for her to form an opinion as to the nature and severity of Plaintiff's impairments. (AR 451.) While an ALJ is tasked with determining whether evidence is ambiguous or the record is inadequate to allow for proper evaluation of the evidence such that there is a need to further develop the record, Plaintiff has not shown that the evidence was ambiguous in this case, nor did the ALJ find it ambiguous. *See Tonapetyan*, 242 F.3d at 1150; *see also Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

ORDER
PAGE - 8

Therefore, Plaintiff has not shown that the ALJ erred in developing the record or in his consideration of Dr. Yamour's opinion.

**2. VE Testimony**

At step five, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite [his] identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). Based on the VE's testimony, the ALJ concluded that Plaintiff was capable of performing at least three jobs: fish cleaner, packager, and bagger. (AR 21–22.)

Plaintiff argues that that the ALJ erred by failing to resolve apparent inconsistencies between the VE's testimony concerning the jobs identified in step five and the description of those jobs in the DOT. Specifically, Plaintiff argues that the ALJ failed to resolve the inconsistency between the RFC, which limited Plaintiff to "never work[ing] in pulmonary irritants such as odors, fumes, gases, dusts, and other pulmonary irritants," and the step five finding that Plaintiff would be able to perform the requirements of fish cleaner, packager, and bagger, which, Plaintiff argues, require constant exposure to humidity and/or other atmospheric conditions. (AR 18, 21–22.)

The Social Security regulations require the ALJ to inquire whether the VE's testimony is consistent with the DOT and to obtain a reasonable explanation for any apparent conflict. SSR 00-4p; *see also Massachi v. Astrue*, 486 F.3d 1149, 11452–53 (9th Cir. 2007). However, the ALJ's procedural error may be harmless where there is no apparent conflict "or if the vocational expert had provided sufficient support for [his] conclusion so as to justify any potential conflicts." *Id.* at 1154 n.19. Here, while the ALJ did not make an inquiry at the hearing regarding whether the VE's testimony was consistent with the DOT (AR 62–65), Plaintiff has not shown that there is a conflict between the RFC and the VE testimony that the ALJ failed to resolve. *See Massachi*, 486 F.3d at

ORDER
PAGE - 9

1153–54. Rather, the RFC assesses that Plaintiff "can work in humidity, wetness, and extremes of heat and cold frequently." (AR 18.) Additionally, the ALJ presented a hypothetical to the VE that identified frequent humidity and wetness. (AR 63.) Therefore, Plaintiff has not shown that the ALJ erred by failing to reconcile conflicts at step five.

### 3. Plaintiff's Symptom Testimony

Plaintiff contends that the ALJ improperly evaluated Plaintiff's testimony. The rejection of a claimant's subjective symptom testimony[4] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012), *superseded by regulation*); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 5002) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that he is unable to work because he is unable to use a respirator during his prior work as a shipyard marine painter due to COPD and shortness of breath. (AR 212.) Plaintiff also testified that he gets winded after 15 minutes and has difficulty lifting anything over

---

[4] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

15 or 20 pounds. (AR 47, 62.) The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (AR 19.)

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony. Specifically, Plaintiff argues that the ALJ erred in finding that Plaintiff's testimony regarding his cigarette habit was inconsistent with the medical record. An ALJ may reject subjective testimony upon finding it contradicted by or inconsistent with the medical record. *Carmickle*, 533 F.3d at 1161. Plaintiff testified that he reduced the frequency of his cigarette consumption to one to two cigarettes a day. (AR 42.) However, the ALJ found that this testimony was inconsistent with evidence in the record that Plaintiff has regularly consumed cigarettes, was consuming up to 10 cigarettes a day for much of the record, and, as recently as February and April 2019, records indicate that the Plaintiff was still smoking five cigarettes to a half a pack a day. (AR 19.) The ALJ thus offered "specific, clear and convincing" reasons for finding Plaintiff's testimony was inconsistent with the medical evidence in the record and discounting Plaintiff's testimony about the severity of his respiratory symptoms. *Molina*, 674 F.3d at 1112. Plaintiff cites to evidence in the record that Plaintiff was counseled to stop smoking, was willing to try smoking cessation aids, had tried nicotine replacement therapy for a period of time, and, during at least one treatment visit, was nicotine free. Pl. Br. at 9–10. Plaintiff offers an alternative interpretation of the medical evidence; however, the ALJ's interpretation is at least equally rational and not properly disturbed. *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Accordingly, Plaintiff's argument does not establish error in the ALJ's evaluation of Plaintiff's testimony regarding the severity of his respiratory symptoms.

ORDER
PAGE - 11

Plaintiff also argues that the ALJ improperly rejected Plaintiff's symptom testimony on the grounds that it was inconsistent with Plaintiff's daily activities. An ALJ may consider daily activities in evaluating a claimant's testimony regarding his physical limitations and the severity of his symptoms. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that *are* transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling pain."); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("[T]he medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Here, the ALJ found that Plaintiff's ability to engage in activities that "exposed [him] to tobacco smoke, animal hair and dander, and dirt and dust from gardening, without significant exacerbation of his respiratory symptoms . . . suggest strongly that the claimant's respiratory impairments are substantially less bothersome than he has alleged." (AR 19.) Plaintiff argues that there is nothing in the record to indicate that exposure to dog hair and dust contribute to his breathing problems. Pl. Br. at 12. While the evidence may not show that animal hair and dander contribute to Plaintiff's breathing problems, Plaintiff testified that his prior job at the shipyard exposed him to "[a] lot of smoke, dust, dirt, [and] paint fumes" and that being around the fumes, dust, and smoke made him sick. (AR 18–19, 36, 43.) The ALJ thus reasonably found that Plaintiff's testimony regarding the severity of his symptoms from dirt, dust, and smoke irritants to be inconsistent with his daily activities that exposed him to dirt, dust, and smoke. Even if the ALJ erred by identifying animal hair and dander irritants, the ALJ offered other "specific, clear and convincing" reasons supported by substantial evidence for finding Plaintiff's testimony regarding the severity of Plaintiff's respiratory symptoms to be inconsistent with evidence of his daily activities such that any error is harmless. *Molina*, 674 F.3d at 1112, 1115; *see also Bray v.*

ORDER
PAGE - 12

*Comm'r of Social Sec. Admin*, 554 F.3d 1219, 1227 (9th Cir. 2009) (harmless error where ALJ presents other independent bases for discounting claimant's testimony).

Additionally, any error in the ALJ's evaluation of Plaintiff's symptom testimony is further harmless because the ALJ's RFC assessment reflected limitations caused by pulmonary irritants. *See Molina*, 674 F.3d at 1115 (an error is harmless if it is "inconsequential to the ultimate nondisability determination"); *Turner*, 613 F.3d at 1223 (ALJ need not provide reason for rejecting physician's opinions where ALJ incorporated opinions into RFC). The ALJ accounted for Plaintiff's respiratory symptoms by limiting Plaintiff to "never work[ing] in pulmonary irritants such as odors, fumes, gases, dusts, and other pulmonary irritants." (AR 18.) Therefore, even if the ALJ erred in evaluating Plaintiff's testimony regarding Plaintiff's pulmonary irritants, the ALJ's error would harmless because the RFC accounted for respiratory limitations in Plaintiff's subjective testimony.

**CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 19th day of August, 2021.

MARY ALICE THEILER
United States Magistrate Judge